UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRAFICHE MILANI S.p.A.,

                              Plaintiff,

- against –

ASSOULINE PUBLISHING, INC. and
ASSOULINE, INC.,

                              Defendants.

Civil Action No.: 07-cv-10364 (PKL)

**ANSWER**

---

Defendants Assouline Publishing, Inc. and Assouline, Inc., ("Defendants"), by and through their undersigned attorneys, hereby answer the allegations set forth in the Complaint of Grafiche Milani S.p.A., ("Grafiche" or "Plaintiff") as follows:

### INTRODUCTION

<u>Grafiche Complaint Allegation:</u>

    1.    Defendants state that the allegations contained in paragraph 1 consist of legal conclusions which require no response.

### JURISDICTION AND VENUE

    2.    Defendants admit the allegations contained in paragraph 2 of the Complaint.

    3.    Defendants admit the allegations contained in paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

### *The Financial Obligations*

7. Defendants admit that between June 2005 and July 2006, Defendants ordered certain goods from Grafiche Milani but otherwise deny the remaining allegations of paragraph 7.

8. Defendants admit that they received and took possession of certain goods shipped by Plaintiff and lack sufficient information to form a belief as to the accuracy of the remaining allegation as to the remaining allegations of Paragraph 8.

9. Defendants admit only that they agreed to pay for certain goods ordered and otherwise deny the remaining allegations of Paragraph 9 of the Complaint.

### *The Invoices*

10. Defendants admit that Defendants received certain invoices from Plaintiff representing certain goods ordered by Defendants and otherwise deny the remaining allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

NEWYORK.547841.7

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants admit the allegations of paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach Of Contract Against Assouline Publishing)

19. Defendants repeat their answers to paragraphs 1 through 18 above as if fully set forth herein.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint and admit only that an amount in dispute remains outstanding.

22. Defendants deny the allegations of paragraph 22 of the Complaint and admit only that an amount in dispute remains outstanding.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated Against Assouline Publishing)

24. Defendants repeat their answers to paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach Of Contract Against Assouline Inc.)

29. Defendants repeat their answers to paragraphs 1 through 28 above as if fully set forth herein.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint and admit only that an amount in dispute remains outstanding.

32. Defendants deny the allegations of paragraph 32 of the Complaint and admit only that an amount in dispute remains outstanding.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Account Stated Against Assouline Inc.)

34. Defendants repeat their answers to paragraphs 1 through 33 above as if fully set forth herein.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

### AFFIRMATIVE DEFENSES

1. As for a first affirmative defense, Defendants state Plaintiffs have failed to state a claim sufficient to justify the relief requested.

2. As and for a second affirmative defense, the Defendants assert that they are entitled to set-off or recoupment for, *inter alia,* payments made, goods not ordered, and for defective or non-conforming goods.

-5-

WHEREFORE, Defendants demand judgment against the Plaintiff dismissing all counts of the Complaint, awarding Defendants their attorneys' fees, costs, and other expenses incurred in the defense of this action, and granting such other relief as the Court deems proper.

Dated: New York, New York
       January 25, 2008

                              Respectfully submitted,

                              SALANS

                              By:   /S/
                                  Lee P. Whidden
                                  Christopher A. Blackwell
                              Attorneys for Assouline Publishing, Inc. and
                                  Assouline, Inc.
                              620 Fifth Avenue
                              New York, New York 10020
                              212-632-5500

-6-

## CERTIFICATE OF SERVICE

I, Michael Kauffman, hereby certify that on January 25, 2008, I caused a copy of the foregoing ANSWER of Assouline Publishing, Inc. and Assouline, Inc. to the Complaint in the above-captioned action to be served by first class mail, postage prepaid on the Plaintiff at the following address:

Scott H. Kaiser, Esq.
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

_____
Michael Kauffman

NEWYORK.547841.7